UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE PENSION AND
WELFARE FUNDS OF THE MOVING
PICTURE MACHINE OPERATORS UNION
LOCAL 306,

                        Plaintiffs,

      -against-

LINCOLN PLAZA CINEMAS, LINCOLN
CINEMA ASSOCIATES, DANTO LINCOLN
THEATERS, INC., 89 DISTRIBUTION, INC.,
GAUMONT, INC., LETOH ASSOCIATES
LLC, PM PARTNERS, MILSTEIN
PROPERTIES CORP., and PIM HOLDING
CO.,

                       Defendants.
------------------------------------------------------------------------X

**ORDER**

22-cv-317 (MKB) (JMW)

**A P P E A R A N C E S:**

**Denis Patrick Duffey, Jr.**
**Eric Robert Greene**
**Nicholas James Johnson**
Spivak Lipton LLP
1040 Avenue of the Americas, Ste 20th Floor
New York, NY 10018
*For Plaintiff*

**Katherine E. Mateo**
**Michael John Passarella**
Olshan Frome Wolosky
1325 6th Ave
New York, NY 10019
*For Defendants/Cross Defendants*
*Lincoln Plaza Cinemas, Lincoln Cinema Associates,*
*and 89 Distribution, Inc., and*
*For Defendant/Cross Defendant/Cross Claimant*
*Danto Lincoln Theaters, Inc.*

1

**Christie Del Rey-Cone**
Mitchell Silberberg & Knupp LLP
437 Madison Avenue
25th Floor
New York, NY 10017
*For Defendant/Cross Defendant Gaumont, Inc.*

**Jeffrey A. Oppenheim**
Jeffrey A. Oppenheim, Esq.
845 3rd Avenue
16th Floor
New York, NY 10022
*For Defendants/Cross Claimants/Cross Defendants
Letoh Associates LLC, PM Partners, Milstein
Properties Corp., PIM Holding Co.*

**WICKS,** Magistrate Judge:

Plaintiffs, the Trustees of the Pension and Welfare Funds of the Moving Picture Machine Operators Union Local 306 commenced this action against Defendants Lincoln Plaza Cinemas, Lincoln Cinema Associates, Danto Lincoln Theaters, Inc., 89 Distribution, Inc., Gaumont, Inc., Letoh Associates LLC, PM Partners, Milstein Properties Corp., and PIM Holding Co., on January 19, 2022, alleging violations of Sections 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1145, 1451(b).  (DE 1.)  Before the Court is Defendant/Cross Defendant 89 Distribution, Inc.'s ("89 Distribution") Counsel's unopposed motion by Olshan Frome Wolosky LLP ("Olshan") to withdraw as counsel.  (DE 50.)  For the reasons that follow, Olshan's motion is granted.

## BACKGROUND

Olshan seeks withdrawal from representing 89 Distribution on the basis that they lack authority to represent this apparently defunct business entity.  (DE 50.)  On March 9, 2022, Olshan initially entered an appearance on behalf of Danto Lincoln Theaters, Inc. ("Danto") and 89 Distribution (DE 32), along with a request for an extension of time to respond to the Complaint (DE 31).  The Court granted the motion for an extension of time to respond to the

2

Complaint to May 11, 2022 (Electronic Order dated Mar. 10, 2022).  On May 11, 2022, Olshan advised the Court that they were performing due diligence to determine whether their client actually owned or controlled 89 Distribution and requested additional time to undergo their investigation.  (DE 39.)  On May 20, 2022, Olshan filed a letter motion seeking leave to withdraw their representation of 89 Distribution and to extend 89 Distribution's time to respond to the Complaint to June 13, 2022.[1]  (DE 44.)  The Court directed Olshan to comply with Local Rule 1.4 by filing proof that it had served 89 Distribution with the motion to withdraw.  (Electronic Order dated May 23, 2022.)  The Court converted the Initial Conference scheduled for May 25, 2022 into a Status Conference and the subject issues regarding representation of 89 Distribution were discussed thereat.  (DE 45.)  Olshan was directed to file a formal motion to withdraw and again directed to serve the motion on 89 Distribution.  (*Id.*)  Olshan filed the subject motion to withdraw on June 27, 2022.  (DE 50.)  Olshan also requests that the Court waive the requirement that their motion be served upon 89 Distribution, as further discussed below.  (*Id.*)  No other party to the action has filed opposition.

According to Olshan, after conducting an investigation, it was determined that its client, Danto's principal, Daniel Talbot, no longer owns or controls 89 Distribution and thus, Olshan lacks authority to represent 89 Distribution in this action.  (DE 50.)  Mr. Talbot, who at some point was also the principal of 89 Distribution, passed away in December of 2017.  (*Id.*)  Olshan therefore, had to rely on the Mr. Talbot's widow, stored records, and communications with professionals who worked at the subject theatre before closing almost four years ago, to investigate whether it had authority to represent 89 Distribution.  (*Id.*)  Olshan learned that 89 Distribution was sold through a stock purchase agreement in 2002 to an unrelated third-party.

---

[1] That motion (44) is hereby terminated as moot.

(*Id.*) After the transaction, in February of 2003, 89 Distribution filed a certificate of change to amend the service of process address to 85 Fifth Avenue, New York, NY 10003. (DE 50-2.) In July of 2003, 89 Distribution filed a biennial statement amending the principal executive office to the same 85 Fifth Avenue address. (DE 50-3.) 89 Distribution's biennial statements in August of 2005 and July of 2007 did not make any substantive changes to its corporate disclosures. (DE 50-4; DE 50-5.) These were 89 Distribution's last corporate filings. (DE 50.) According to Olshan, 89 Distribution was then acquired by a creditor as collateral for a defaulted loan around 2007, but the New York Department of State, Division of Corporations still erroneously shows that Mr. Talbot is the CEO of 89 Distributions. (*Id.*; DE 50-6) Thus, Olshan submits that 89 Distribution is no longer active and has not been active for several years. (DE 50.) For these reasons, 89 Distribution seeks to withdraw as counsel for 89 Distribution since they do not have authority to represent the entity, and requests that the Court excuse the requirement that their motion be served upon 89 Distribution, which no longer exists. (*Id.*)

## DISCUSSION

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.[2] All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

---

[2] Olshan states that they will not be asserting either a retaining lien or a charging lien over the file. (DE 50.)

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, 05 CV 1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). District Courts are required to analyze the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773(AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011); *see also Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333(MEA), 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014) (courts also consider the impact of withdrawal on the progress of the action) (citations omitted).

"The New York Rules of Professional Conduct [NYRPC] govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343(RA)., 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted). NYRPC differentiates between mandatory (*see* NYRPC rule 1.16[b]) and permissive (*see* NYRPC rule 1.16[c]) bases for withdrawal. The grounds proffered here, lack of authority to represent an apparently defunct entity, falls within the permissive category (*see* NYRPC rule 1.16[c][1] stating that withdrawal is permitted when "withdrawal can be accomplished without material adverse effect on the interests of the client"). These grounds are mirrored in the American Bar Association Code of Professional Responsibility ("Model Code"), which provides further guidance on permissive withdrawal of an attorney[3] (*see* Model Code 1.16[b][1] stating the same). Model Code 1.16[b][7] further provides for permissive withdrawal of an attorney when "other good cause for withdrawal exists." Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion. *See Whiting v.*

---

[3] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

5

*Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

Here, Olshan has performed extensive due diligence by contacting Mr. Talbot's widow, former theatre employees, and performing document investigation to determine the status of 89 Distribution as a business entity and whether their client still has any relationship as the principal. It is clear from Olshan's submissions, that attempting to serve the motion to withdraw upon 89 Distribution would be an exercise in futility, and therefore the Court waives the requirement for the subject motion to be served upon 89 Distribution. Here, Olshan has demonstrated good cause to withdraw as counsel, and that such withdrawal can be accomplished without material adverse effect on the interests of 89 Distribution, as 89 Distribution is apparently defunct and does not have a principal. Further, such withdrawal would not have a prejudicial impact on the progress of this action. Accordingly, the Court finds that Olshan has demonstrated satisfactory reasons for withdrawal.

## CONCLUSION

For the reasons stated, the motion to withdraw is granted and Olshan is hereby terminated from this case. The deadlines set at the May 25, 2022 Initial Conference (DE 45) remain in effect.

Dated: Central Islip, New York
July 1, 2022

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge